UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Worldwind Properties, LLC

VS.

Fidelity Bancorp Funding, Inc.;
IMPAC Commercial Capital Corp.;
And Deutsche Bank National
Trust Company, as Trustee for the
Registered Holders of IMPAC
Secured Assets Corp. Mortgage
Pass-Through Certificates
Series 2006-2

**CA11- 549**

C.A. NO.



## COMPLAINT FOR DECLATORY JUDGMENT AND INJUNCTIVE RELIEF

**This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such fall within the jurisdiction of this Honorable FIDELITY Court.**

### Parties

1. Plaintiff Worldwind Properties, LLC (hereinafter referred to as "Worldwind") is a Rhode Island Limited Liability Company  The subject property is located at 35 Tappan Street, Providence, RI.

2. Fidelity Bancorp Funding, Inc. ("FIDELITY") has a mailing address of 52 Newman Avenue, Seekonk, MA 02771.  FIDELITY was the alleged Lender.

3. IMPAC Commercial Capital Corporation ("Impac") has a mailing address of 1401 Dove Street, Newport Beach, CA 92660. Impac allegedly received an assignment from Fidelity.

4. Deutsche Bank National Trust Company, as Trustee for the Registered Holders of IMPAC Secured Assets Corp. Mortgage Pass-Through Certificates Series 2006-2 ("Deutsche") has a mailing address of 1610 E. St. Andrew Place, Santa Ana, CA 92705. Deutsche was the alleged foreclosing entity.

## Jurisdiction

5. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendant is a foreign corporation based outside of the State of Rhode Island.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of this action is situated within the State of Rhode Island.

7. Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

   a. Plaintiff, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem her mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

   b. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

   c. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all void conveyances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

   d. Plaintiff claims that only she has a marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownership of the fee interest.

   e. Plaintiff as a mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, her mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

   f. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in her chain of title.

## Facts

8. On May 10, 2006, Worldwind executed a mortgage (the "Mortgage") which named Fidelity as Lender and Mortgagee.

9. On or about May 8, 2006, Fidelity attempted to assign this Mortgage to IMPAC ("Assignment")

10. The assignment was allegedly dated May 8, 2006.

11. The assignment was allegedly dated May 9, 2006.

12. The discrepancy in dates renders the assignment void pursuant to RIGL 34-11-1.

13. The beneficial interest in the property can only be transferred through negotiation of the promissory note.

14. Fidelity never seeks to convey legal title to the property.

15. An assignment of the mortgage without a corresponding negotiation of the promissory note is a nullity.

16. The assignment is void pursuant to R.I.G.L. 34-11-1.

17. The "Assignment" is fatally flawed in its execution and effect by virtue of the fact that is was not assigned by the mortgagee as required by **General Laws of Rhode Island at §34-11-24.**

18. The assignment from Fidelity to Impac is void due to failure of consideration.

19. The mortgage was not in existence on May 8 or May, 2006.

20. On or about March 15, 2011, IMPAC attempted to assign this Mortgage to Deutche ("Assignment")

21. IMPAC never received any interest in the property to transfer to Deutsche.

22. IMPAC never held the legal or beneficial interest in the subject premises.

23. Deutsche had no standing to foreclose.

24. The Mortgage, at page 1, defines the Lender as FIDELITY.

25. The Mortgage contains language that provides for the Statutory Power of Sale in the event of a default on the note by Worldwind.

26. The mortgage does not state anywhere that the mortgagee or its assigns may invoke the Statutory Power of Sale.

27. The Lender never invoked the statutory power of sale in this matter.

28. The Lender never mailed a notice of sale to the Borrower.

29. The Lender never published the notice of sale.

30. Deutsche, which is not the Lender, wrongly and without contractual or statutory authority, attempted to invoke the power of sale.

31. Deutsche, which is not the Lender, wrongly published the notice of sale without contractual or statutory authority.

32. The actions taken by Deutsche are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the note and the mortgage.

33. The foreclosure sale was not noticed or scheduled or advertised as required by the Note and Mortgage.

34. To foreclose pursuant to §34-11-22, the language of the Statute and the Note and Mortgage must be followed to the letter.

35. The foreclosure is not in compliance with statutory mandates and is not in compliance with the plain language in the Note and Mortgage.

36. IMPAC has no standing to foreclose.

37. Deutsche has no standing to foreclose.

38. The assignment is void as the securitized trust is never identified.

39. The true identity of the foreclosing trust is not disclosed.

40. The Lender in this case was the only party, pursuant to the plain language of the mortgage, which was prepared by and used by the Defendant or Defendants, and in the event of any inconsistencies in said document, said inconsistencies and the results thereof are the fault of the Defendant or Defendants and the negative results thereof shall be construed against the Defendant or Defendants.

41. The facts and documents relative to this matter establish that any foreclosure relative to this property must be done judicially and not by way of advertisement and auction due to failure to exactly follow the letter of the law.

42. This claim is brought pursuant to the provisions of the Declaratory Judgment pursuant to the act.

43. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

44. The note is current or has been satisfied by Plaintiff or another third party.

45. FIDELITY never transferred possession of or negotiated the promissory note to Deutsche or IMPAC.

46. Deutsche does not possess the promissory note.

47. The promissory note was never specially endorsed to Deutsche.

48. Deutsche does not have the right to enforce the promissory note.

49. The note is no longer recognized as an asset or account receivable of FIDELITY.

50. The note was no longer recognized as an asset or account receivable of Deutsche.

51. Deutsche does not hold the note.

52. The mortgage is unsecured.

53. The mortgage is void due to fraud.

54. The mortgage is void pursuant to R.I.G.L. 34-11-1.

55. The mortgage is unsecured pursuant to R.I.G.L. 34-4-11.

56. The note is void due to fraud.

57. FIDELITY was not the true Lender in the underlying mortgage transaction.

58. The funds to fund the transaction came from a third party, not FIDELITY.

59. The non-existence of a default on the promissory note is not a prerequisite to remedies under the Quieting Title statute.

60. Plaintiffs have standing to challenge title and all assignments of the subject mortgage.

61. Plaintiffs have standing to clear title pursuant to R.I.G.L. 34-16-4.

62. Plaintiffs have standing to challenge all assignments and foreclosure deeds pursuant to R.I.G.L. 34-16-4.

63. Deutsche is not the true foreclosing entity.

## COUNT I
### Declaratory Judgment

64. The Plaintiff herein reincorporates paragraphs 1-63 as if they are fully articulated herein.

65. By virtue of these facts and the legal consequence thereof, the foreclosure failed to vest title in Deutsche or the successful bidder at the foreclosure sale.

66. Worldwind owns the subject property.

   **WHEREFORE**, Plaintiff prays this Court to issue an order, pursuant to the Uniform Declaratory Judgment Act, as follows:

   a. That judgment enters for Plaintiff on Plaintiff's Complaint regarding title to and ownership of the subject property.
   b. That the Court finds that Plaintiff owns the property as a matter of law.
   c. That the foreclosure sale be voided.
   d. Only Plaintiff has marketable title pursuant to R.I.G.L. §34-13-1-1, et al.
   e. That the Court or other trier of fact order the defendants to pay Plaintiff's damages, which it deems appropriate.
   f. Declare the conveyance void pursuant to R.I.G.L. §34-11-1.
   g. Declare the assignment void pursuant to R.I.G.L. §34-11-1 and §34-11-24.
   h. Declare the acknowledgment void pursuant to R.I.G.L. §34-12-1, et al.
   i. That the Court or other trier of fact award Plaintiff's costs, including reasonable attorney's fees.

Plaintiffs
By their Attorneys,

_____
George E. Babcock, Esq. (#3747)
Corey J. Allard, Esq. (#7476)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904

### COUNT II
### Quieting Title
### Rhode Island General Law §34-16-4

67. The Plaintiff herein reincorporates paragraphs 1-66 as if they are articulated herein.

68. The real estate at issue is a residential property located at 35 Tappan Street, Providence, RI.

69. Deutsche or its successors claim to have the right to foreclose on the property. The address of Deutsche is set forth hereinabove.

70. Plaintiff purchased the property on May 10, 2006.

71. Deutsche or the successful bidder at the foreclosure sale took a foreclosure deed.

**WHEREFORE**, Plaintiff prays for the following relief:
a. That judgment enters for Plaintiff on Plaintiff's complaint regarding title and ownership of the subject property.
b. That the Court finds that Plaintiff owns the property as a matter of law.
c. That the Court order any foreclosure sale voided.
d. That the Court enters an order quieting title to this property specifying that Plaintiff owns a fee simple interest in the subject property.
e. That the Court or other trier of fact award Plaintiff costs, including reasonable attorney's fees.

Plaintiffs
By their Attorneys,

_____
George E. Babcock, Esq. (#3747)
Corey J. Allard, Esq. (#7476)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904

Dated:

**The Plaintiff Demands a Trial by Jury.**